UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAMELA CASSEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EZ COM LLC and JESSE KLINGFELTER, )<br>)<br>Defendants. ) | Case No. 23-CV-0308-CVE-JFJ |

**OPINION AND ORDER**

Now before the Court is plaintiff's complaint (Dkt. # 1) and motion for leave to proceed without prepayment of fees or costs (Dkt. # 2).  On July 20, 2023, plaintiff Pamela Cassel filed a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2).  The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"  See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).  Plaintiff, who brings this action on behalf of herself only, states that defendants Ez Com LLC and Jesse Klingfelter "hired us as empolyees [sic] and knowingly forced us to start a company.  To mislabel us for tax evasion.

FLSA violations of Wrongful termination, fraud (failure to keep workers comp) Failure to pay for accident at training/hospitalisation [sic], enduring harassment at work EEOC violations." Dkt. # 1, at 1. The complaint then lists "Misclassification, Wage theft, Payroll Fraud, Wrongful Termination, Fraud, Harassment, failure to pay wages[,] Failure to send 1099 or W-2, Fraud filings of returns to IRS" as the alleged causes of actions. Id. at 1-2. Under "Supporting Facts," plaintiff states "Over 250 pages of work place communications to show micro managment . Email and text message s [sic]," "Pics of company credit card, Work Shirts, company business card, Company demos with identifications[,] Wire transfers of funds to induvidual [sic] account, Wire transfers to business account after. [sic] Timing and communications showing duress of employees. To be paid, having to start company. Sales signs." Id. at 2. Then the complaint lists parties who plaintiff believes to be involved, some of whom are named defendants and most of whom are not: "Jesse Klingfelter, Katrina Dees, Cary Cassel, Pamela Cassel, Duby (foreign inadmissable)[,] Chamber of Commerce of Claremore, Owner of Babydolls strip club, Vida Pay, Mofi Routers, Kansas State Revenue Board, Special Investigations Randy, Kansas State labor Board." Id. The complaint then alleges that "Ez Com micro managed our employment to take care of their online store. Plus, drum up business," and "For over 240 hours a week. Paying under the table, forcing policy and using duress of needing paycheck. To make employees be slaves to illegal employment violations of Flsa and Eeoc." Id. Plaintiff also attached IRS forms 4852 and SS-8 to the complaint. Form 4852 is a substitute for a W-2 or 1099-R, id. at 3, and the SS-8 is used to determine a worker's status for tax purposes. Id. at 4-7. Finally, the complaint includes an undated letter from the Kansas Department of Labor which appears to be in response to a wage claim that plaintiff made to that agency. Id. at 8.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In her complaint, plaintiff alleges that the Court has jurisidiction pursuant to 28 U.S.C. § 1332, 29 U.S.C. §§ 201-209, and 26 U.S.C. § 7434. Dkt. # 1, at 1. Diversity jurisdiction appears to be satisfied because, as plaintiff is a citizen of Oklahoma and both defendants are alleged to be citizens of Missouri, Dkt. # 1, at 1, complete diversity is satisfied; in addition, plaintiff seeks damages in excess of $75,000. Id. at 2. The other federal statutes cited are 29 U.S.C. §§ 201-209, which is part of the Fair Labor Standards Act (FLSA), and 26 U.S.C. § 7434, which permits actions for civil damages for fraudulent filing of information returns to the IRS. As such, the Court understands plaintiff to invoke federal question jurisdiction, pursuant to 28 U.S.C. § 1331. However,

even assuming that subject matter jurisdiction is satisfied, it is not clear that the Court has personal jurisdiction over either defendant, nor whether this district is the proper venue.

The Tenth Circuit has stated that, in the "context of affirmative defenses . . . *sua sponte* dismissal on such grounds should be 'reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense,'" and that the "same caution applies to *sua sponte* dismissals for lack of personal jurisdiction and improper venue." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting Fratus v. DeLand, 49 F.3d 673, 676 (10th Cir. 1995)). "Accordingly, under [28 U.S.C.] § 1915, the district court may consider personal jurisdiction and venue *sua sponte* only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Trujillo, 465 F.3d at 1217 (quotations omitted). "[T]he district court may dismiss under § 1915 only if it is clear that the plaintiff can allege no set of facts to support personal jurisdiction or venue." Id. (quotations and alterations omitted); see also Fratus v. DeLand, 49 F.3d 673, 676 (10th Cir. 1995) ("Section 1915 dismissal on the basis of an affirmative defense which the district court raises *sua sponte* is reserved for those extraordinary instances when the claim's factual backdrop clearly beckons the defense."). Plaintiff's allegations are vague and disjointed and it is not clear where any alleged events, such as there are, actually transpired. The complaint and IRS Form 4852 state that defendants are citizens of and have an address in Missouri, but in the IRS Form SS-8 attached to the complaint, "EZ-Com LLC" has its address in Topeka, Kansas.[1] Dkt. # 1, at 1, 4. The complaint also lists the Kansas State Revenue Board and the Kansas State Labor Board as relevant parties to this action, and includes an undated letter from the Kansas

---

[1]  Plaintiff refers to "Ez Com LLC" as the corporate defendant in the complaint and in Form 4852, but refers to "EZ-Com LLC" in the Form SS-8. It is unclear if this is one entity with a misspelled name or two separate entities.

Department of Labor that appears to be in response to a wage complaint that plaintiff had filed with that body. Id. at 2, 8. Based on these alleged facts, the Court is left with the impression that Kansas and/or Missouri may be where whatever alleged wage infractions that form the basis of plaintiff's complaint took place and, if so, could be appropriate venues, and those districts may clearly have personal jurisdiction over the defendants. However, the IRS Form SS-8 that plaintiff includes as part of her complaint states that some of her work was "remote at home work," which appears to be in Pryor, Oklahoma. Dkt. # 1, at 5. Under certain circumstances, this could form the basis for this Court to have personal jurisdiction over defendants and be an appropriate venue. Dkt. # 1, at 5. Because of the lack of detail and contradictory information in plaintiff's complaint, is not "obvious from the face of the complaint" that the Court lacks personal jurisdiction and/or venue does not lie in this district. Trujillo, 465 F.3d at 1217 (quotations omitted). To make such a determination, some "further factual record [would be] required to be developed." Id. Therefore, at this time, the Court will not dismiss plaintiff's complaint for lack of personal jurisdiction and/or improper venue.

The general lack of information and detail in plaintiff's complaint presents a different issue, and the Court must determine whether plaintiff has adequately alleged facts to support a claim for which relief may be granted. Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time

the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

In determining whether all or part of the complaint should be dismissed, a court must accept as true all well-pleaded facts and view those facts in the light most favorable to the plaintiff. Santa Fe All. for Public Health & Safety v. City of Santa Fe, 993 F.3d 802, 811 (10th Cir. 2021). But a court need not "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

When a plaintiff appears without counsel, the court must liberally construe the complaint. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The rule of liberal

construction does not permit a court to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997); see also Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (explaining that "[t]his liberal treatment is not without limits, and '[the Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants'" (quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir.2005))).

The Court finds that plaintiff has failed to allege facts to support claims for relief under either of the federal statutes listed in the complaint. 26 U.S.C. § 7434(a) provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 29 U.S.C. §§ 201-209 provide different claims for relief, including that an employer must pay an employee overtime compensation for all hours worked in excess of 40 hours per week unless the employee is classified as exempt, 29 U.S.C. § 207(a)(1), and an employer must provide a minimum wage as set by Congress, 29 U.S.C. § 206. It is unclear which of these plaintiff attempts to allege in her complaint, but it is irrelevant because plaintiff fails to allege facts that support either of them. Instead, plaintiff's complaint simply states that defendants committed "FLSA violations of Wrongful termination, fraud (failure to keep workers [sic] comp)[,] Failure to pay for accident at training/hospitalisation[sic], enduring harassment at work EEOC violations." Dkt. # 1, at 1. It then lists "Misclassification, Wage theft, Payroll Fraud, Wrongful Termination, Fraud, Harassment, failure to pay wages[,] Failure to send 1099 or W-2, Fraud [sic] filings of returns to IRS" without any explanation. Id. at 1-2. The complaint lacks any information that explains the basis of these labels and conclusions. The only portions of the complaint that are close to alleging any facts are

plaintiff's statements that "Ez Com micro managed our employment to take care of their online store." Id.  It then states, "For over 240 hours a week.[2]  Paying under the table, forcing policy and using duress of needing paycheck.  To make employees be slaves to illegal employment violations of Flsa and Eeoc." Id.  A few more alleged "facts" can be found in the attached IRS Form SS-8, which states that plaintiff was "misclassified as subcontractor, forced into 1099 for pay [illegible] hire as W-2 in order for owner to save money on taxes after hired we were ordered to start a company to recieve [sic] pay right before pay period." Id. at 4.  Plaintiff's complaint must allege facts to support her FLSA and 29 U.S.C. § 7434 claims; however, the above statements do not allege any facts that explain what allegedly happened and what defendants allegedly did.  To the extent that any of these statements convey any information about what allegedly transpired, they are no more than conclusory labels and are devoid of any factual allegations that support those conclusions, as required to satisfy the pleading requirements.  Therefore, plaintiff has failed to state a claim for which relief may be granted and her complaint should be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed without prepayment of fees or costs (Dkt. # 2) is hereby **moot**.

**DATED** this 27th day of July, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2]  The Court recognizes that, while the clause would not make any sense regardless of the number of hours stated, the traditional seven day week contains 168 hours, and not "over 240" as plaintiff alleges.